## UNITED STATES *v.* THE JOHN BARTH COMPANY ET AL.

No. 526. Argued April 18, 1929.—Decided May 13, 1929.

*Assistant Attorney General Willebrandt,* with whom *Attorney General Mitchell,* and *Messrs. Sewall Key* and *J. Louis Monarch,* Special Assistants to the Attorney General, were on the brief, for the United States.

*Messrs. Louis Quarles* and *Walter H. Moses,* with whom *Messrs. Malcolm K. Whyte, S. Sidney Stein,* and *Richard S. Doyle* were on the brief, for respondents.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This was a suit by the United States, through its District Attorney for the Eastern District of Wisconsin, against the John Barth Company, a corporation of Wisconsin, and the United States Fidelity & Guaranty Company, a corporation of Maryland. The subject matter of the suit is the recovery of the amount due on a bond in the sum of $60,000 whereby the respondents bound them-

selves jointly and severally to pay to the United States the sum therein named under the following circumstances and conditions.

On June 25, 1919, the United States Commissioner of Internal Revenue assessed income and profits taxes against the Barth Company for the year 1918 in the sum of $126,182.81, and of this sum the company paid $74,764.40. On September 15, 1919, and March 17, 1925, the company filed claims for the abatement of $39,501.58 of the taxes thus assessed. The Barth Company as principal, and the United States Fidelity & Guaranty Company as surety, in consideration of the United States' refraining from and suspending the collection of taxes thus outstanding against the Barth Company for the year 1918, pending consideration and adjudication of the foregoing claims for abatement, executed and delivered a bond on September 20, 1919, binding them to pay " on notice and demand by the collector . . . any part of such tax found by the Commissioner to be due, with interest at the rate of twelve per cent. per annum from the time such tax would have been due, had no such claim been filed."

The Barth Company filed its claim of abatement on the ground that it had sustained a substantial loss, resulting from a material reduction of the value of its inventory for the taxable year and from actual payment after the close of the taxable year of rebates, in pursuance of contracts entered into during such year upon sales made during the year.

On March 25, 1926, the Commissioner considered the claims, allowed about $10,000, and rejected the rest in the sum of $29,842.32. The Barth Company was notified and payment under the bond of the tax as determined, with interest thereon, requested, on February 27, 1926, and on April 5 and 20, 1926, but the Barth Company refused to pay. On August 10 and 27, 1926, the Guaranty Com-

pany was notified of the rejection of the abatement claims in the sum above stated, and of the amount and interest due, but that company also refused payment. The suit was authorized by the Commissioner of Internal Revenue.

To the petition respondents filed a demurrer " for the reason that . . . the action was not commenced within the time limited by law which time is prescribed by Sections 205d [250d] of the Revenue Acts of 1918 and 1921, and Sections 277a-2, 278d and 278e of the Revenue Act of 1924, and Sections 277a-3, 278d, 278e, and 1106a of the Revenue Act of 1926."

The District Court sustained the demurrer, the United States elected to stand on its complaint, and judgment was entered dismissing the complaint.

The United States carried the judgment on writ of error to the Circuit Court of Appeals, which, after an unsuccessful effort to certify to this Court certain questions, which were dismissed (276 U. S. 606), heard the writ of error and affirmed the judgment of the District Court. 27 F. (2d) 782. The case is now here on writ of certiorari.

Par. 14 (a), § 234 (a) of the Revenue Act of 1918, c. 18, 40 Stat. 1057, provides that:

"At the time of filing return for the taxable year 1918 a taxpayer may file a claim in abatement, based on the fact that he has sustained a substantial loss . . . resulting from any material reduction . . . of the value of the inventory for such taxable year, or from the actual payment, after the close of such taxable year, of rebates in pursuance of contracts entered into during such year upon sales made during such year. In such case, payment of the amount of tax covered by such claim shall not be required until the claim is decided, but the taxpayer shall accompany his claim with a bond in double the amount of the tax covered by the claim, with sureties satisfactory to the

Commissioner, conditioned for the payment of any part of such tax found to be due, with interest. If any part of such claim is disallowed then the remainder of the tax due shall on notice and demand by the collector be paid by the taxpayer with interest at the rate of 1 per cent. per month from the time the tax would have been due had no such claim been filed."

In § 250 (d) the provision is:

"Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made."

Section 250 (d) refers to a failure of the Commissioner of Internal Revenue to pass upon the return made by the taxpayer and to assess the tax. It is the determination preceding the assessment that is referred to in that section. If there is no determination and assessment within five years after the return is made, or after the return should have been made, then the statute bars an assessment and the collection of the tax due. But § 250 (d) does not apply to the proceeding under par. 14 (a), which relates to a case in which there is a return with a resulting assessment, as there was here, and the taxpayer seeks to reduce the assessed tax by presenting a claim for an abatement of part of it, and to avoid the collection of that part, pending action on the claim for abatement, by giving a bond. In this case there was a return and there was an assessment, but the bond was given well within the five years after the return, and when the bond was given it required the obligees, if the abatement was not allowed, to pay interest from the time such tax would have been due, had no such claim been filed. In other words, the limi-

tation of § 250 (d) has no application to a situation following a claim of abatement and the giving of bond.

The plain purpose of par. 14 (a) was to effect a substitution for the obligation arising under the return and assessment to pay the tax, of the contract entered into in the bond to pay any part of the tax found to be due upon the subsequent determination of the Commissioner, and this with interest at the rate of 1 per cent. per month from the time the tax would have been due, had no such claim been filed. Of course, it is not difficult in the somewhat complicated provisions to suggest, as on behalf of respondent it has been suggested, that some other than the ordinary inference to be given to this set of facts should be drawn; but the common sense view of the return and the delay in the payment due after the claim of abatement and the giving of the bond, is as already stated. The making of the bond gives the United States a cause of action separate and distinct from an action to collect taxes which it already had. The statutes now pleaded to bar the suit can not be extended by implication to a suit upon a subsequent and substituted contract. The postponement of the collection of the taxes returned was a waiver of the statutory limitation of five years that would have applied had the voluntary return of the taxpayer stood and no bond been given. If there is any limitation applicable to a suit on the bond, it is conceded that it has not yet become effective.

Section 250 (d) of the Revenue Act of 1921, c. 136, 42 Stat. 227, 265, repeats the limitation of 1918, adding thereto " unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax," and like § 250 (d) of the Act of 1918 has no relevancy or effect here. The Revenue Act of 1924, § 277 (a) (2), c. 234, 43 Stat. 253, repeats a similar limitation of five years. Section 1106 (a) of the

Revenue Act of 1926, c. 27, 44 Stat. 9, 113, provides that the bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability. This last Act was repealed as of the date of its enactment. See § 612, c. 852, 45 Stat. 791, 875.

The Government contends that this restores and gives life to the tax retroactively. It is not necessary for us to examine this claim, for the reason that the Act of 1926 does not affect, and was not intended to affect, the obligation arising out of the bond. Such bonds are not referred to in the amendments of 1921 or 1924 or 1926, nor in any way is the taxpayer expressly or impliedly relieved from such contracts. To avoid the result usually ensuing from the return which he himself made, the taxpayer was permitted by a bond temporarily to postpone the collection and to substitute for his tax liability his contract under the bond. The object of the bond was not only to prevent the immediate collection of the tax but also to prevent the running of time against the Government. The taxpayer has obtained his object by the use of the bond, and he should not object to making good the contract by which he obtained the delay he sought.

It is hardly necessary to refer to authority to justify this conclusion, but it is sustained by *United States* v. *Onken Brothers,* 23 F. (2d) 367; *Gray Motor Co.* v. *United States,* 16 F. (2d) 367; *United States* v. *Rennolds,* 27 F. (2d) 902; *McCaughn* v. *Philadelphia Barge Co.,* 27 F. (2d) 628; *United States* v. *United States Fidelity & Guaranty Co.* 221 Fed. 27; *Raymond* v. *United States,* Fed. Cas. No. 11596.

The judgment of the Circuit Court of Appeals should be reversed and the cause remanded for further proceedings.

*Reversed.*