720

## UNITED STATES v. E. HOGSHIRE, SON & CO., Inc., et al.

District Court, E. D. Virginia. January 6, 1930.

Paul W. Kear, U. S. Atty. and Luther B. Way, Sp. Asst. to U. S. Atty., both of Norfolk, Va., for the United States.

Sands, Williams & Lightfoot, of Richmond, Va., for defendant.

GRONER, District Judge. The United States are suing Hogshire and the bonding company for $1,634.62. The action is brought to recover on a bond executed by Hogshire as principal and the bonding company as surety, and was conditioned to pay, on demand by the collector, such tax as the Commissioner found to be due. The defendant, on April 1, 1918, filed its corporation income and excess profits tax return for the year 1917, and paid the tax. On March 26, 1923, *and within the five-year period,* the Commissioner assessed an additional tax of $1,105.55, and in the latter part of April, following, served notice of demand for payment. No proceeding by distress or suit was instituted to recover the tax within the five-year period, but in November, 1923, when the collection of the tax was barred by the statute of limitations, the defendant executed the bond on which the present action is based. The recitals in the bond show that at the time of its execution the defendant claimed that the government owed it for the calendar year 1918 the sum of $2,399.74, for the refund of which it filed with the Commissioner a petition that its returns be re-examined and the refund made. The bond was executed November 5, 1923, under the provisions of paragraph 14 (a), § 234 (a), of the Revenue Act of 1918, c. 18, 40 Stat. 1057.

The case as made is in many respects identical with the John Barth Company Case decided by the Supreme Court May 13, 1929, 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743, except that in the Barth Case the bond was given *within* the five years after the return, and in that case, as in this, the assessment was made within the five-year period. The difference, therefore, was that there the bond was given within the statutory period of limitations while here it was not. The position which the defendant now takes is that this action may not be maintained for the reason that at the time of the execution and delivery of the bond the tax to which the bond referred was barred of collection by suit or distraint.

When the assessment was made, the Revenue Act of 1921 was in force, and section 250 (d) (42 Stat. 265) provided: " * * * No suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits or war-profits tax Acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed * * *."

The debt being barred by the provisions of the statute, the question is, May it be revived so as to be enforceable? It should be borne in mind, of course, that, so far as the record before me shows, there was no coercion or duress. The taxpayer, on his part, believed he had a claim against the United States for a rebate. The government thought that he should pay a tax in addition to the amount already paid, and the bond executed by the defendant accomplished its object in securing a re-examination of the return, to the end that these questions might be finally determined. If the effect of the limitation periods in the revenue statutes is not only to bar the remedy, but to extinguish the liability, obviously this action may not be maintained. There is no such provision in any of the statutes. The Act of Feb. 26, 1926, § 1106 (a), c. 27, 44 Stat. 9, 113 (26 USCA 1249 note), did provide a bar of the liability as well as of the remedy, but the act was repealed as of the date of its enactment, May 29, 1928, c. 852, § 612, 45 Stat. 791, 875, so that the case as made is this: In November, 1923, the defendant was indebted to the government in the principal amount demanded in this action, but the government was without remedy because of the statute of limitations. At that time, the defendant voluntarily promised to pay the indebtedness on condition that the Commissioner would re-examine its tax

returns for the year in question, and such re-examination showed the amount claimed to be due, and it executed a bond to secure the performance of its promise. If the United States were not the party plaintiff to this action, it is difficult to see upon what ground the action on the new promise could be defended, for, as was said in Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 212, 29 L. Ed. 483: "It is uniformly conceded that the debt is a sufficient consideration for a new promise to pay, made after the bar has become perfect." In this aspect of the case, the query naturally is why the United States should occupy a less favorable position. I know of no case in which it is held that in such circumstances the government must have enacted a statute to preserve for its own benefit a right common to individuals occupying the relationship of debtor and creditor. The Supreme Court in Price v. United States, 269 U. S. at page 499, 46 S. Ct. 180, 70 L. Ed. 373, has held that taxes due the United States are debts. By the repeal of section 1106(a) of the Act of 1926, supra, the Congress in effect has declared against the extinguishment of the liability of the taxpayer, though preserving the bar of the statute as against collection by suit or action. Since, therefore, the liability continued, it is difficult to see upon what principle the taxpayer should be denied the right, even after the bar of the statute, to discharge his debt, and, if he agrees to do so upon a contingency which afterwards happens, it would seem to me that he should be held, without regard to whether or not the bar of the statute applies to the original debt. There might have been ground for argument if the assessment had not been made within the statutory period, on the theory that, without a written waiver of the limitation, it could not be made after the bar became effective, and, until made, no debt was due; but, concededly, it was made here in good time, and out of it the amount of the debt due was fixed. The debt survived, though the right to enforce it was lost. The new written promise to pay restored the right to collect, and the bar of the statute, as against the collection of the tax, is thus no longer a defense as against the bond.

What may be the effect of section 607 of the Revenue Act of 1928 (45 Stat. 874, 26 USCA § 2607), which provides: "Any tax * * * assessed or paid (whether before or after May 29, 1928) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim," it is not necessary to decide, because, obviously, that section does not control in this action. Its effect doubtless will be to prevent the collection of taxes after the statutory period of limitations, since the government would not want to receive with one hand what it must necessarily pay back with the other, and whether the defendant here may avail itself of its terms when it shall have paid this tax depends upon whether it can bring itself within the provisions of the act.

For reasons stated, the demurrer will be overruled, and the defendant given 15 days in which to plead further.