## BRYANT–LINK CO. v. HOPKINS, Collector of Internal Revenue.

### No. 5909.

Circuit Court of Appeals, Fifth Circuit.

March 24, 1931.

J. M. McMillin, of Dallas, Tex., for appellant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., Wright Matthews, Sp. Atty., Bureau Internal Revenue, of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge.

Appellant sued in the District Court to recover the amount of an additional assessment for the calendar year 1917 of an income tax which it paid under protest. The suit was based on the ground that the collection of the tax was barred because it had not been assessed within the time allowed under section 250(d) of the Revenue Act of 1921 (42 Stat. 265), under which the Commissioner of Internal Revenue, if he fail to determine and assess a tax within five years, cannot thereafter enforce collection in the absence of a consent in writing.

A jeopardy assessment was made within the statutory period, and shortly after the expiration of that period appellant filed a claim of abatement, and a bond to secure the payment of "all sums of money finally adjudicated" by the commissioner to be due by it. The commissioner did not finally determine the amount of the additional assessment until several months after the lapse of the statutory period as extended by a written waiver. The jeopardy assessment was somewhat reduced upon consideration of the claim of abatement; and the amount finally determined was paid by the taxpayer upon demand being made upon it by the commissioner. The government relied on the bond as a defense to the suit; and the judgment was in its favor.

We are of opinion that appellant's bond constituted a waiver of the five-year statute of limitations and an independent valid promise to pay the tax found by the commissioner to be due. The bond placed no limit upon the time within which the commissioner should pass upon the claim of abatement and finally determine the amount of the tax. The statute of limitations relied on by appellant does not prevent a suit on the bond. In United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 367, 73 L. Ed. 743, it is said: "The object of the bond was not only to prevent the immediate collection of the tax, but also to prevent the running of time against the government. The taxpayer has obtained his object by the use of the bond, and he should not object to making good the

contract by which he obtained the delay he sought." The fact that appellant paid the tax on demand, and thus rendered a suit on the bond unnecessary, does not affect the question of law decided in the case just cited. The bond has the same effect upon the statute of limitations, whether it is sued on by the government or is pleaded by it as a defense to a suit brought by a taxpayer to recover back the tax he has paid. On the authority of United States v. John Barth Co., supra, the judgment is affirmed.