**UNITED STATES v. WYOMING CENTRAL
ASS'N et al.**

**No. 900.**

Circuit Court of Appeals, Tenth Circuit.
April 16, 1934.

F. H. Horan, Sp. Asst. to Atty. Gen. (Carl L. Sackett, U. S. Atty., and Dyer Hays, Asst. U. S. Atty., both of Cheyenne, Wyo., John R. Wheeler, of Bureau of Internal Revenue, of Seattle, Wash., and E. Barrett Prettyman and C. C. McCormick, of Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the United States.

John E. Hughes, of Chicago, Ill., for appellees.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This action was brought by the United States to recover on a bond executed by the Wyoming Central Association as principal, and the National Surety Company as surety. Trial by jury was waived and the cause tried to the court.

The material facts as disclosed by the petition, answer, and agreed statement of facts are as follows: On June 19, 1919, the Wyoming Company filed its income and profits tax return for the year 1918 disclosing a tax due of $64.31, which was paid. Thereafter the Commissioner determined an additional tax to be due of $17,777.05. On March 8, 1924, the Wyoming Company was notified that in order not to jeopardize the collection of the above tax, the usual 30-day letter would be dispensed with and the tax assessed immediately, but that the Bureau would entertain a claim for abatement. The tax was assessed on the March, 1924, special assessment list. Subsequently thereto notice and demand for the tax was served on the Wyoming Company and it made payments of $1,000 each on November 28, 1924, January 3, 1925, and January 28, 1925, which left an unpaid balance of $14,777.05. On April 1, 1925, a claim in abatement was filed in which the Wyoming Company sought to have the tax abated on its merits. On March 27, 1925, the bond herein sued on was given. The claim in abatement was rejected by the Commissioner on October 28, 1925. An appeal was filed with the Board of Tax Appeals apparently upon the merits, since there was an amendment filed on June 29, 1927, raising the point that the collection of the deficiency was barred by the statute of limitations. The Board held that there was no deficiency on the ground that collection was barred. Wyoming Central Ass'n v. Commissioner, 8 B. T. A. 1064.

On October 27, 1930, demand was made on the bond for the amount of the unpaid tax, and payment was refused.

The trial court held that the bond was given to indemnify and save the collector harmless; and that, since it was given after the collection of the tax was barred, it was without consideration.

■■■ The Wyoming Company has filed a motion to dismiss the appeal on the ground that no question for review had been preserved. The bill of exceptions discloses that a motion for judgment on the pleadings and evidence was made by the United States; and that it was denied, and an exception to the ruling duly saved. This was sufficient to present the question as to whether the United States was entitled to judgment as a matter of law. White v. United States (C. C. A. 10) 48 F.(2d) 178, 181. However, even if the stipulation of facts could not be considered, the question as to whether the pleading support the judgment is open to review (White v. United States, supra; Harvey Co. v. Malley, 288 U. S. 415, 53 S. Ct. 426, 77 L. Ed. 866), and there are sufficient facts disclosed by the pleadings without reference to the bill of exceptions upon which to review the questions here presented.

The bond which was pleaded in the petition is set out in part in Note 1.

Note 1. "Know All Men By These Presents: That we, Wyoming Central Association, as principal, and National Surety Company of New York, * * * as Surety, do hereby jointly and severally acknowledge ourselves to be bound unto Marshall S. Reynolds, Collector of Internal Revenue of Cheyenne, Wyoming, in the sum of Fifteen Thousand ($15,000) Dollars. * * *

"The condition of the above obligation is such, that whereas by an assessment duly

The bond was given to accompany the claim in abatement thereafter filed under the provisions of section 279 (a) of the Revenue Act of 1924 (43 Stat. 300 [26 USCA § 1063 note]), which reads in part as follows:

"Such claim shall be accompanied by a bond, in such amount, not exceeding double the amount of the claim, and with such sureties, as the collector deems necessary, conditioned upon the payment of so much of the amount of the claim as is not abated."

■ Does the bond contain a promise to pay the tax or is it simply an agreement to save the collector harmless upon his official bond? If it is the latter, then the case must be affirmed, since no damages were proved. United States v. Charleston Lead Works (D. C. S. C.) 49 F.(2d) 281.

■ The intention of the parties must be determined from a consideration of the entire instrument. Willoughby v. Fidelity & Deposit Co. of Md., 16 Okl. 546, 85 P. 713, 7 L. R. A. (N. S.) 548, 8 Ann. Cas. 603; Blyth-Fargo Co. v. Free, 46 Utah, 233, 148 P. 427, 431; Dillard v. Berry, 126 Okl. 1, 257 P. 772, 773. And when a bond is given under the authority of an existing statute, in the absence of anything evidencing a different intention, it will be presumed that the parties purposed to execute the bond in accordance with the statute. Crawford v. Ozark Ins. Co., 97 Ark. 549, 134 S. W. 951.

■ When the entire bond is read with the provisions of section 279 (a) in mind, we think it must be construed as conditioned to save the collector "harmless from liability under his bond filed with the Treasurer of the United States," and to pay the tax, if the claim for abatement shall be rejected by the Commissioner.

However, the bond and the claim in abatement were given after the bar of the statute of limitations on collection had fallen. When the assessment was made, the Revenue Act of 1921 was in force, and section 250 (d) (42 Stat. 265) provided:

"No suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed. * * * *"

■ This limitation was continued in section 277 (a) (2) of the Revenue Act of 1924 (43 Stat. 299 [26 USCA § 1057 note]). Section 278 of the Revenue Act of 1924 (43 Stat. 300 [26 USCA §§ 1058, 1059, 1060 note, 1061 note, 1062 note]) did not extend the collection period where the assessments were made prior to its passage. Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255.

■ But the limitation statute did not extinguish the tax. It was a bar to the remedy only. This bar of the statute may be waived, and a waiver is valid even though it is executed subsequently to the running of the statute. Helvering v. Newport Co., 54 S. Ct. 480, 481, 78 L. Ed. ——, decided by the United States Supreme Court March 5, 1934; McDonnell v. United States, 288 U. S. 420, 53 S. Ct. 410, 77 L. Ed. 869; Burnet v. Chicago Railway Equipment Co., 282 U. S. 295, 51 S. Ct. 137, 75 L. Ed. 349; Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335; W. P. Brown & Sons Lbr. Co. v. Commissioner (C. C. A. 6) 38 F.(2d) 425.

In Simmons Mfg. Co. v. Routzahn (C. C. A. 6) 62 F.(2d) 947, at page 950, the court, in considering a bond, said:

"But, aside from the contractual obligation created by the bond, we think the bond constituted a waiver of the period of limitation, not, perhaps, the express or technical

made by the Commissioner of Internal Revenue of the United States of America the above bounden Wyoming Central Association is indebted to the treasurer of the United States in the sum of Fourteen Thousand Seven Hundred Seventy-seven and 05/100 ($14,777.05) dollars, as evidenced by assessment which is entered on the records of the said Marshall S. Reynolds, Collector of Internal Revenue, has tendered evidence to support said claim for abatement.

"Now, therefore, if the said claim for abatement shall be rejected by the Commissioner of Internal Revenue, and the said Wyoming Central Association shall there-after well and truly pay over unto the said Marshall S. Reynolds, Collector of Internal Revenue, the amount of the above noted assessment together with such penalties and interest as may lawfully accrue, at such time and in such form as payment may be required of the said Wyoming Central Association by the said Marshall S. Reynolds, Collector of Internal Revenue, harmless from liability under his bond filed with the Treasurer of the United States by reason of any default in the payment of said assessment, penalties, and interest, then this bond shall be void, otherwise to remain in full force and virtue."

872

waiver provided for by the so-called consent clause (section 250 (d), of the 1921 act, but at least an implied waiver."

See, also, Bryant-Link Co. v. Hopkins (C. C. A. 5) 47 F.(2d) 1068.

■ It therefore follows that in 1925 when the bond was given, there was a tax liability against the Wyoming Company which, though barred, was not extinguished. There was a moral obligation to pay the tax and that was a sufficient consideration for· the bond. Snyder v. Routzahn (D. C. Ohio) 55 F.(2d) 396.

■ But it is contended that the bond was given under duress. At the time the claim in abatement was filed and the bond given in support thereof, the government, by reason of the decision of the Court of Claims in Toxaway Mills v. United States, 61 Ct. Cl. 363, was proceeding under the theory that while the limitation provision contained in the 1921 act barred collection by suit, it did not bar collection by distraint proceedings. It was not until the decision of the Supreme Court in Bowers v. N. Y. & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, decided Feb. 21, 1927, that it was known that the holding in the Toxaway Case was erroneous. It must therefore be assumed· that the collector thought he had authority to collect the tax when the notice and demand was sent to the Wyoming Company. The Wyoming Company was evidently under the same impression, as there is nothing in the record to show that it in any way ·resisted the payment. In fact the claim in abatement and bond were filed for the express purpose of having the tax reconsidered on its merits, and to delay collection. The Wyoming Company, instead of filing the claim and bond, could have resisted payment, and when·sufficiently pressed could have paid the tax and sued to recover it. Instead, it preferred to delay payment and have its validity determined. The exaction of a waiver or bond under such circumstances is not duress. Burnet v. Chicago Ry. Equip. Co., supra; United States v. Root (C. C. A. 5) 62 F.(2d) 385; United States v. E. Hogshire, Son & Co. (D. C. Va.) 37 F.(2d) 720; Simmons Mfg. Co. v. Routzahn, supra. Furthermore the facts constituting duress must be pleaded and established as a matter of defense. United States v. Converse Cooperage Co. (D. C. Ill.) 42 F.(2d) 227.

■ Section 1106 (a) of the Revenue Act of 1926 (44 Stat. 112, 113 [26 USCA § 1249 note]), which provided that "the bar of the statute of limitations against the United States * * * shall not only operate to bar the remedy but shall extinguish the liability," had no effect upon a bond given on March 27, 1925.. Furthermore, such section was repealed as of the date of its enactment by section 612 of the Revenue Act of 1928 (45 Stat.· 875). See Helvering v. Newport Co., supra, where the Supreme Court in considering section 1106 (a), supra, said:

"Congress thus indicated its intention that the section should be erased from the books as though it had never been enacted."

■ The bond, which was based on a valid consideration, gave the United States a cause of action separate and distinct from an action to collect taxes. United States v. John Barth Co., 279 U. S. 371, 49 S. Ct. 366, 73 L. Ed. 743; Bryant-Link Co. v. Hopkins (C. C. A. 5) 47 F.(2d) 1068; United States v. E. Hogshire, Son & Co. (D. C. Va.) 37 F.(2d) 720. In effect, the bond was a contract liability substituted for the tax liability, and was valid and enforceable.

■ The decision of the Board of Tax Appeals holding that there was no· deficiency, does not bar recovery on the bond. The decision of the Board is no broader than the issue, opinion, and findings. Gulf States Steel Co. v. United States, 287 U. S. 32, 53 S. Ct. 69, 77 L. Ed. 150; United States v. Martin Hotel Co. (C. C. A. 8) 59 F.(2d) 549. The Wyoming Company did not prosecute the case before the Board on its merits, but amended its petition and set up the statute of limitations. The Board based its decision of no deficiency solely on the bar of the statute. It did not hold there was no tax liability, or that the tax liability should be abated; it merely held that the enforcement of the liability was barred. Hence the decision of the Board did not abate the tax and thereby discharge the bond; and there existed, notwithstanding that decision, an unabated tax liability which, though its enforcement was barred, constituted a sufficient consideration for the bond.

This suit is upon the bond. It is predicated on a cause of action separate and distinct from the cause of action which arose on the tax liability. While the latter cause of action is barred the former is not, and the decision of the Board of Tax Appeals is no defense to this action.

■ Whether the Wyoming Company could have paid the tax and discharged the bond and then recovered the tax under section 607, Revenue Act of 1928 (26 USCA § 2607), we need not decide. It had not paid the tax, and

that statute, which was enacted after the bond was given, obviously has no controlling force here. United States v. E. Hogshire, Son & Co. (D. C. Va.) 37 F.(2d) 720.

The judgment is reversed and the cause remanded for a new trial.