1020

## UNITED STATES v. MARYLAND CAS-
## UALTY CO.
### No. 715.

District Court, S. D. Florida.
May 4, 1934.

The United States District Attorney, for the United States.

Miller, McKay, Dixon & DeJarnette, of Miami, Fla., for defendant.

RITTER, District Judge.

This action is on a bond given by Robert C. Lindsey, with Maryland Casualty Company as surety, to the United States of America in the sum of $4,000, conditioned upon the payment by the said Lindsey of such deficiency in tax found to be due by the Commissioner, plus penalties, etc., in consideration of which an extension of time for payment was given; the bond reciting, "Whereas, there is due from the above-bounden principal certain additional income or profits taxes resulting from a deficiency in tax (not due to negligence or to fraud with intent to evade tax)," and, "Whereas, to exact payment of the deficiency in tax at this time will result in undue hardship to the above-bounden principal."

The principal has not paid the amount found due by the Commissioner, nor his surety. The plea filed by the defendant is that Robert C. Lindsey, the principal, was adjudged a bankrupt in this court and that the collector of internal revenue filed a claim in bankruptcy for the deficiency asserted against Lindsey and the trustee in bankruptcy filed exceptions to the allowance of the claim, which exceptions were sustained by the referee in bankruptcy and the claim was disallowed, which facts it is asserted constitute complete defense to this cause of action.

The status of a bond as here presented is fixed by the decision of the Supreme Court of the United States, in United States v. John Barth Company, 279 U. S. 370, 49 S. Ct. 366, 367, 73 L. Ed. 743, as follows: "The plain purpose of paragraph 14(a) was to effect a substitution for the obligation arising under the return and assessment to pay the tax, of the contract entered into in the bond to pay any part of the tax found to be due upon the subsequent determination of the Commissioner. * * * The making of the bond gives the United States a cause of action separate and distinct from an action to collect taxes which it already had."

In Bryant-Link Company v. Hopkins, 47 F.(2d) 1068, the Circuit Court of Appeals of the Fifth Circuit cites the above case as the authority for its decision therein, setting forth the considerations for the bond which make it a separate obligation upon which suit may be instituted. Gulf States Steel Co. v. United States (C. C. A.) 56 F.(2d) 43.

In Bowers, Collector, v. American Surety Co. (C. C. A.) 30 F.(2d) 244, 245, the court says, in reference to an attempted action in bankruptcy by the surety upon a similar bond to secure an adjudication of the tax, as follows: "Moreover, the issues decided by the bankruptcy court were irrelevant in any event; they concerned, and could concern, only the question whether the tax had been properly assessed, not whether it had been assessed at all. Since the condition of the bond was the payment of the assessment, it made no difference, even if the order of the bankruptcy court had created a good estoppel against the plaintiff. It seems, indeed, a harsh rule that the government should collect a tax which its courts have already decided not to be due, yet this is exactly the consequence of section 3224 of the Revised Statutes, U. S. Code, title 26, § 154 (26 USCA § 154). * * * The unimpeded collection of a nation's taxes is a condition of its life, and it must serve as a redress to such citizens as are wronged that they have recourse to its courts after payment."

All that occurred in the bankruptcy court was the refusal of allowance of the claim of the government. Even if it amounted to a termination as far as the referee's order was concerned, it could not affect the right of action upon this bond. The bond being a separate and independent cause of action admits that there is money due the government and seeks to defer payment in the hope of readjustment, but in any event promises to pay what the Commissioner finds due. The determination as between Lindsey and the government by the referee does not release the sure-

ty, which agreed to pay the amount unconditionally.

If, as the foregoing authorities hold, the five-year statute of limitations (Revenue Act 1921, § 250(d), 42 Stat. 265) does not apply to acts where a bond is given, as here presented, and does not act as an extinguishment of the assessment by the same reasoning, the action of the bankruptcy court on this claim cannot act as an extinguishment of the right of action on the bond. Collateral matter cannot be set up in the action on the bond. The bond itself is the thing here. It is the substance of the action and upon it solely can the case proceed.

The Surety Company might pay the tax and then seek a refund, which seems to be its only recourse. The result may be harsh as stated in the Bower Case supra.