# WESTERN WHEELED SCRAPER CO. v. UNITED STATES.

## No. 5082.

Circuit Court of Appeals, Seventh Circuit. July 16, 1934.

488

John E. Hughes, of Chicago, Ill., for appellant.

Dwight H. Green, U. S. Atty., of Chicago, Ill., and Sewall Key and Samuel E. Blackham, Sp. Assts. to Atty. Gen.

Before EVANS, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

Appellant sued the United States in assumpsit to recover an overpayment of income and profits tax for the year 1920, amounting to $57,894.07, which the United States Board of Tax Appeals had found appellant had made for that calendar year. The order of the Board of Tax Appeals had become final, thereby conclusively determining that appellant had made this overpayment. The only defense interposed was the statutes of limitations contained in the various Revenue Acts. The District Court held that the defense was good. The sole contested issue is whether or not appellant, by filing its petition with the United States Board of Tax Appeals on February 13, 1926, thereby "filed a waiver of its right to have the taxes due for such taxable year determined and assessed within five years after the return was filed." At the conclusion of the trial in the District Court, appellant made its motion for a declaration of law containing six propositions, all of which were refused by the trial court.

On March 15, 1921, appellant filed its return for the calendar year 1920. On December 23, 1925, after examination of appellant's books and records had been made by the Commissioner, he determined that appellant's re-

turn showed a deficiency in income and profits tax for the calendar year 1920 in the sum of $5,437.61. The Commissioner notified appellant by registered mail, advising it that it had sixty days to appeal from this final determination to the United States Board of Tax Appeals. Within the sixty days, on February 13th following, appellant filed its petition with the Board of Tax Appeals, appealing from the decision of the Commissioner and asking that there be a redetermination of petitioner's tax liability for the year in question.

The government urges (1) that the District Court was without jurisdiction of the cause; and (2) that, because appellant failed to sign and file a waiver of the right to have its tax liability determined within five years, there can be no recovery of the overpayment ascertained by the Board of Tax Appeals.

To sustain its contention that the District Court was without jurisdiction of this cause, the government relies upon section 3226 of the Revised Statutes (as amended, 26 USCA § 156). This section provides that, before any taxpayer shall commence suit to recover any internal revenue tax which he believes to have been erroneously or illegally assessed or collected, he must first file a claim for refund with the Commissioner of Internal Revenue and then wait six months unless the Commissioner renders a decision within that time. It is also provided that suit must be brought not later than five years from the date of the payment of the tax or two years after the disallowance of the part of the claim to which the suit relates. As we read this section of the statute, it was intended to save the parties the expense of litigation and give the Commissioner an opportunity to settle controversies before suit is commenced thereon, not for the purpose of conferring jurisdiction upon the courts.

In the instant case, the initiative was taken by the government when, on December 23, 1925, it notified appellant that it had underpaid its tax in the amount of $5,437.61 and gave it sixty days in which to appeal from the determination to the United States Board of Tax Appeals. Appellant made no claim for refund in the first instance. The government claimed that appellant had underpaid its tax. From this decision it appealed, and the Board held appellant had overpaid its tax in the sum of $57,894.07. It then filed a claim for refund, which was rejected, and brought suit thereon within two years after the rejection of the claim, entirely within the provisions of section 3226, as

amended. United States v. Mahoning Coal R. R. Co. (C. C. A.) 51 F.(2d) 208.

The second contention of the government is that, because appellant failed to sign and file a waiver of the right to have its tax liability determined within five years after the return was filed, it cannot recover the overpayment ascertained by the Board of Tax Appeals. Appellant contends, on the other hand, that, by filing its petition with the United States Board of Tax Appeals on February 13, 1926, it in effect "filed a waiver of its right to have the taxes due for such taxable year determined and assessed within five years after the return was filed."

As soon as the Commissioner's letter fixing the supplemental assessment was received, and within the time allowed, the appellant took its appeal to the Board of Tax Appeals to redetermine the entire amount of the tax for the year 1920, and in its petition it sought the benefit of no statute of limitations, but, necessarily, in so doing, waived every benefit of a limitation contained in the Revenue Act.

The petition for appeal and its several amendments asked the Board of Tax Appeals to do everything that could have been done after the expiration of the five-year period had the waiver been signed and filed with the Commissioner. The failure of appellant to file a waiver was apparently never heard of by appellant until it was referred to in the official letter of October 23, 1931. While the requirement of a waiver must be complied with and, in most cases, the document referred to is an express waiver, that does not make it necessary in all cases. The petition in this case was filed five months before the time fixed by law to file waivers and, inasmuch as it released appellant's rights in toto for the investigation of the Board in making its redetermination, it must be held to have had the force and effect of a waiver. It is apparent that in such a case a waiver was unnecessary and its requirement a mere technical detail. A statute giving a taxpayer the opportunity to secure a refund of an overpayment is to be liberally construed in the taxpayer's favor. Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018.

The waiver required by the Commissioner is limited in its character, while the effect of the petition to the Board in this case was to give the government carte blanche as to everything involved and necessary for a complete redetermination of the income tax of the taxpayer for the year in question.

In Bryant-Link Co. v. Hopkins, 47 F.(2d) 1068, the United States Circuit Court of Appeals for the Fifth Circuit held that the posting of a bond after the expiration of the time within which a waiver should have been filed was the equivalent of a waiver. This holding was upon the authority of United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743. The United States Circuit Court of Appeals for the Sixth Circuit, in Simmons Mfg. Co. v. Routzahn, 62 F.(2d) 947, 950, said:

"But, aside from the contractual obligation created by the bond, we think the bond constituted a waiver of the period of limitation, not, perhaps, the express or technical waiver provided for by the so-called consent clause (section 250 (d), of the 1921 act, but at least an implied waiver. * * * In Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335, it was held that a waiver is operative, even though given after the period of limitation has expired, and this on analogy to the rule that private debts barred by the statute of limitations may be effectively revived after the bar has fallen by a new promise without new consideration (citing Williston, Contracts, §§ 160 to 184), and also upon the assumption that an effective and not a futile act was intended."

So, in this case the appeal to the United States Board of Tax Appeals by appellant had the effect of tolling the limitation on the ultimate determination and collection of any tax that might be found due for the year 1920, and there was no limitation placed upon the effect of the appeal. In fact, Congress, when it amended section 284 (e) of the Revenue Act of 1926 (26 USCA § 1065 note) showed a clear intention that the filing of the petition with the Board of Tax Appeals under section 507 of the Act of 1928 (26 USCA § 1065) was to have the same effect as the filing of a claim for credit or refund if filed within the time prescribed by subsection (g) 26 USCA § 1065 (g) for filing claims.

In the light of these views, it follows that the motion to hold the six propositions of law submitted to the court should have been allowed and the law held as requested.

The judgment of the District Court is reversed, and the cause remanded for further proceedings in harmony with the views here expressed.