**UNITED STATES v. OSWEGO FALLS CORPORATION et al.**

**No. 364.**

Circuit Court of Appeals, Second Circuit.

July 15, 1940.

Hiscock, Cowie, Bruce & Lee, of Syracuse, N. Y. (H. Duane Bruce, of Syracuse, N. Y., of counsel), for defendants-appellants.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an action brought by the United States against Oswego Falls Corporation, as principal, and Massachusetts Bonding and Insurance Company as surety to recover upon an indemnity bond in the amount of $12,000 given by them to the Collector of Internal Revenue to stay the collection and to secure the payment of a balance of $7,642.98 alleged to be due from the principal upon an unpaid assessment of income taxes for the year 1919.

On May 11, 1920, the Oswego Falls Pulp and Paper Company (hereinafter called the Paper Company) made a return for its 1919 income in which it reported a tax liability of $12,232.50. On the same date it filed a claim for credit on its 1919 tax liability of an alleged overpayment of its 1917 taxes in the amount of $7,642.98. On September 11, 1920, and January 11, 1921, it made payments aggregating $4,589.52 on account of the assessment, leaving an unpaid balance of $7,642.98.

On January 30, 1922, the Oswego Falls Corporation (hereinafter called the Corporation) was organized pursuant to an agreement of consolidation between the Paper Company and two other companies. On July 30, 1923, the Corporation, styling itself successor to the Paper Company, filed a claim for refund of $29,604.44, and on September 12, 1923, filed another claim for refund of $40,100.66 paid by the latter company as income taxes for the year 1917, both of which claims were rejected.

On October 4, 1927, the Corporation was notified by mail that the Commissioner had determined a deficiency of $27,612.09 as its liability for taxes for 1917, as transferee of the assets of the Paper Company, unless the Corporation should file a petition with the United States Board of Tax Appeals within sixty days from the date of mailing for a redetermination of this deficiency.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Arthur L. Jacobs, Sp. Assts. to Atty. Gen., and Ralph L. Emmons, U. S. Atty., of Binghamton, N. Y., for Northern District of New York, for plaintiff-appellee.

On November 18, 1927 the Corporation and its surety Massachusetts Bonding and Insurance Company delivered a bond of $12,000 to the Collector on which the

present action was brought. The bond recited that the Corporation was a transferee of the Paper Company and as such was liable for certain obligations including income and profit taxes assessed against the Paper Company; that an assessment for income and profit taxes for 1919 had been made against the Paper Company, of which $7,642.98 was then unpaid; that the Paper Company had filed a claim to have an alleged overpayment of income and profits taxes for the year 1917 applied as a credit against the $7,642.98 unpaid assessment for 1919 and that the question of income and profit taxes of the Paper Company for the year 1917 had been or was about to be taken before the Board of Tax Appeals for review. The bond further recited the following:

"Whereas, this bond is conditioned upon the payment of the amount of assessment stayed by this bond, less the amount of any overassessment of 1917 income and profits tax as determined by the United States Board of Tax Appeals.

"Whereas, this bond is further conditioned that that amount stayed by it less the amount of any overassessment of 1917 income and profits tax as determined by the United States Board of Tax Appeals, together with interest thereon as provided by law, will be paid upon notice and demand issued subsequent to the date of decision of the United States Board of Tax Appeals in the matter of 1917 income and profits tax * * *

"Whereas, the * * * Collector of Internal Revenue now stands charged with the responsibility for the collection of the total unpaid balance of said assessment amounting to Seven thousand six hundred forty two dollars ninety eight cents ($7,642.98), with interest thereon as provided by law, and the said principal desires to stay the collection of the amount hereinbefore specified and in the manner stated and desires to protect the said Collector of Internal Revenue or any of his successors in office with respect to the matter of the collection of the amount so stayed, together with interest thereon; and

"Whereas, it appears that the amount of this bond is sufficient to cover the amount so assessed for which stay and collection is desired, with interest thereon as provided by law.

"Now, Therefore, if the said principal shall well and truly observe and comply with all of the provisions of law and regulations made pursuant thereto for the payment of the amount so assessed and stayed and shall duly pay to the said Collector of Internal Revenue or to any of his successors in office on notice and demand therefor the amount so assessed and stayed, less the amount of any overassessment of 1917 income and profits tax as determined by the United States Board of Tax Appeals, plus any interest provided by law;

"Then, this obligation is to be null and void; but, otherwise, to remain in full force, virtue and effect."

On December 3, 1927, the Corporation filed its petition with the Board which was amended on January 22, 1929, for a redetermination of the deficiency assessment for 1917, as proposed by the Commissioner's letter of October 4, 1927.

In the proceeding before the Board the hearing on the motion of the Corporation was limited to the questions whether the Corporation was a transferee within the meaning of Section 280 of the Revenue Act of 1926, 26 U.S.C.A.Int.Rev. Acts, page 212, and whether the proposed deficiencies were barred by the statute of limitations. Upon the hearing the question of an overassessment against the Paper Company was not considered.

On May 12, 1932, the Board rendered an opinion with respect to the proposed deficiency assessment for 1917 that there was no deficiency for 1917 because the Corporation was not liable for any deficiency as transferee but as principal and the collection of any tax deficiency was barred by the statute of limitations. The Board entered its order to that effect and did not determine that there was any overassessment for 1917. Its decision was affirmed by this court in an opinion reported sub nomine Commissioner v. Oswego Falls Corp., 2 Cir., 71 F.2d 673.

On April 30, 1936, the Collector demanded payment from the defendants of the sum of $7,642.98 and interest, which they neglected to pay. Thereupon the United States brought the present action on the bond. The defendants answered denying liability on the bond on the ground that it covered only the liability of the Corporation as transferee. It set up as affirmative defenses (1) that the bond was given without consideration, (2) that recovery was barred by the statute of limitations, (3) that the condition of the bond

had not occurred, and (4) that the bond was given under duress and under mutual mistakes of fact and law.

The district court granted motions striking out the four affirmative defenses and for a summary judgment that the United States recover from the defendants the face of the bond being $12,000, interest and costs, or altogether the sum of $14,621.51. We think the judgment should be affirmed.

The defendants argue that as the bond names the Corporation as transferee and as the Board and this court have held that the Corporation is not a transferee there can be no liability. This seems far too narrow an interpretation of the meaning of the bond. When that instrument recited that the Corporation "is the transferee of all the assets of the Oswego Falls Pulp and Paper Company and as such transferee is liable for certain obligations, including outstanding income and profits tax assessments against * * * Oswego Falls Pulp and Paper Company" it only described the succession of the Corporation to the assets of the Paper Company and to its tax obligations and did not define the nature and extent of the liability of the Corporation. Under the state law the latter became liable as principal for the obligations of the companies to which it succeeded by virtue of the merger, and it is not reasonable to suppose that its liability under the bond was limited to that of transferee under Section 280(a) of the Revenue Act of 1926.

■ The object of the bond was to indemnify the Treasury against any failure to pay taxes and to insure liability on the part of the Corporation if the Board should fail to determine an overassessment for 1917 and not to define the kind of liability to which the Corporation was subject, whether as transferee or principal, if the bond had not been furnished. The bond gave the United States a cause of action entirely separate and distinct from the one to collect taxes and the taxpayer by securing postponement of collection waived the limitations that would have applied had no bond been given. United States v. John Barth Co., 279 U.S. 370, 49 S.Ct. 366,

73 L.Ed. 743. It recited an obligation of $7,642.98 for the 1919 taxes less only such credit for any 1917 assessment as the Board might allow. In our opinion the only limitation upon liability under the bond was a finding by the Board of an overassessment of 1917 taxes. The failure of the Board to make a finding as to the existence of an overassessment was due to the neglect of the taxpayer to ask for one. On its motion, the consideration of the Board was limited. The defendants, therefore, may not avoid an obligation to pay according to the terms of the bond which has become absolute. Gulf States Steel Co. v. United States, 287 U.S. 32, 53 S.Ct. 69, 77 L.Ed. 150; Simmons Mfg. Co. v. Routzahn, 6 Cir., 62 F.2d 947, 949.

■ The contention that the bond was given without consideration is unfounded. There was a dispute as to tax liability, and, whether the Commissioner was right or not, his promise to stay proceedings was ample consideration to support the counter obligation. Even if the tax liability was barred when the bond was given the bond would still be valid. Gulf States Steel Co. v. United States, 287 U.S. 32, 53 S.Ct. 69, 77 L.Ed. 150; United States v. Wyoming Central Ass'n, 10 Cir., 70 F.2d 869.

■ The argument that Section 1106(a) of the Act of 1926, 26 U.S.C.A.Int.Rev. Acts, page 318, barred the right as well as the remedy to recover taxes is answered by Section 612 of the Act of 1928, 26 U.S.C.A.Int.Rev. Acts, page 461, which repealed Section 1106(a) as of February 26, 1926 and by the decision in Helvering v. Newport Co., 291 U.S. 485, 54 S.Ct. 480, 78 L.Ed. 929, which held the repealing act valid in respect to outlawed tax claims when the taxpayer had executed a waiver.

■ The affirmative defenses of duress and mutual mistake were groundless. No facts were pleaded showing duress. United States v. Wyoming Central Ass'n, 10 Cir., 70 F.2d 869.

The mistake claimed is as to the taxpayer's liability as transferee. Our interpretation of the bond renders this defense unavailing.

Judgment affirmed.