## UNITED STATES v. MORRISDALE COAL CO.
### No. 337.

District Court, E. D. Pennsylvania.
June 22, 1942.

Thomas J. Curtin, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., and Donald J. Marran, Sp. Asst. to Atty. Gen., of Washington, D. C., for plaintiff.

Geo. E. H. Goodner, of Washington, D. C., and Rawle & Henderson and Thomas F. Mount, all of Philadelphia, Pa., and

Harry Boulton, of Clearfield, Pa., for defendant.

KIRKPATRICK, District Judge.

This is an action by the United States upon abatement bond given by the defendant to the Collector, to stay the collection of additional income and excess profit taxes for the years 1917 and 1918, in the total amount of $82,262.01.

Shortly after suit was instituted the surety paid the face amount of the bond into Court and was permitted to withdraw, under an order providing that in the event of a judgment for the plaintiff the money was to go to the plaintiff, and in the event of judgment for the defendant it was to be returned to the surety. Both parties have filed affidavits, upon which the plaintiff has moved for summary judgment and the defendant has moved to dismiss. There is no dispute as to any fact which the Court deems material. ·

The affidavits cover practically the whole field of the defendant's tax dealings with the Government and a great deal of the matter contained in them is immaterial. The essential facts are as follows:

In August, 1921, the Commissioner assessed additional taxes against the defendant for the years 1917 and 1918 in the respective amounts of $22,804.39 and $141,-719.64. The ·Collector made demand and on October 27, the defendant filed claims in abatement. On December 1, 1921, defendant paid about half of each assessment and gave the bond in suit to stay collection of the balance. After applying the payments to their proper years, the balance due for 1918 taxes was $70,669.45. The obligee was "Blakely D. McCaughn, Collector, First District, Pennsylvania," and the bond recited the assessments for the respective years, the payment on account, and the filing of the claims in abatement for the balance.

In 1925 the Government's claim in respect of 1917 taxes, as finally adjusted, was paid, and further proceedings upon it are immaterial to this issue.

In 1927 the defendant filed a petition with the Board of Tax Appeals for a redetermination of several deficiency assessments against it, including the one for 1918, proceedings upon which resulted in an adverse decision by the Board of Tax Appeals which was affirmed by the Circuit Court of Appeals in May, 1938, Morrisdale Supply Co. v. Com'r, 3 Cir., 97 F.2d 272.

On January 10, 1939, the Collector made demand on the defendant for the payment of the outstanding and unabated portion of the additional tax assessed for 1918, in the amount of $70,669.45. On refusal to pay, this action was instituted.

The Rules of Civil Procedure, rule 17(a), 28 U.S.C.A. following section 723c, provide that "Every action shall be prosecuted in the name of the real party in interest." I am of the opinion that the United States, and not McCaughn personally, is the real party in interest and that the suit was properly brought in its name.

When this bond was given, the Government had the right summarily to collect the additional tax assessed, leaving the defendant to litigate afterward. Proceedings to collect would have been instituted by the Collector, but merely in his capacity as subordinate official of the Treasury Department. In respect of collection of a tax assessed his duty is ministerial and there is nothing left to his discretion, Moore Ice Cream Co. v. Rose, 289 U.S. 373, 381, 53 S.Ct. 620, 77 L.Ed. 1265.

The purpose of giving the bond was to obtain from the Government a waiver of its right of immediate collection, and the postponement of payment until the taxpayer had an opportunity to have the assessment reviewed. Naturally, it relieved the Collector of the ministerial duty to collect forthwith and make prompt remittance to the Treasury, and, to that extent only, was for his protection. The right, the surrender of which was the consideration for the bond, belonged to the Government and not the Collector. There can be no doubt that any recovery in this suit will inure to the United States and could not be retained by the Collector.

In at least two reported cases, Gulf States Steel Co. v. United States, 287 U.S. 32, 53 S.Ct. 69, 77 L.Ed. 150, and United States v. Oswego Falls Corporation, 2 Cir., 113 F.2d 322, 325, suits upon abatement bonds given to the Collector in his official capacity (like the one here in suit) were brought by the United States and recoveries sustained, without any question being raised as to the plaintiff's right to sue on the bond. In the last case the Court said "The bond gave the United States a cause of action entirely separate and distinct from the one to collect taxes * * *". See, also, discussion in Rothensies v. Edwin J. Schoettle Co., D.C.E.D.Pennsylvania, 46 F.Supp. 348.

In the last named case, the suit was brought by a succeeding collector, not the United States, but the opinion disposes of any contention which might be made that the substantive law of Pennsylvania prevents recovery, by a plaintiff not nominated in the bond.

The defendant's main argument fails to recognize a distinction between a suit to recover taxes due and a suit by the taxpayer to recover taxes illegally collected. In the latter type of case the separate entity of the Collector has always been recognized, because the action proceeds upon the theory of individual wrongdoing by him. This may be a fiction and a mere procedural device, as was suggested in Moore Ice Cream Co. v. Rose, supra, but recent decisions of the Supreme Court (United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132; United States v. Nunnally Investment Co., May 11, 1942, 62 S.Ct. 1064, 86 L.Ed. ——) make it plain that the notion of suing a Collector personally, announced in Sage v. United States, 250 U.S. 33, 39 S.Ct. 415, 63 L.Ed. 828, is still "a fiction intended to be acted upon to the extent that the right to maintain the suit and its incidents, until judgment rendered, are to be left undisturbed." United States v. Kales, supra [314 U.S. 186, 62 S.Ct. 220, 86 L.Ed. 132].

Having determined that the United States is the real party in interest in this suit, that it has the right to maintain the action, and that the bond was given for its benefit, the remaining question of the Statute of Limitations is ruled adversely to the defendant by United States v. John Barth Co., 279 U.S. 370, 49 S.Ct. 366, 73 L.Ed. 743.

The defendant's motion to dismiss the complaint is denied.

Judgment is entered for the plaintiff.