## LOWELL COTTON MILLS v. GRISSOM, Collector of Internal Revenue.

District Court, M. D. North Carolina.

April 28, 1932.

Brooks, Parker, Smith & Wharton, of Greensboro, N. C., for plaintiff.

Edwin L. Gavin, Dist. Atty., of Greensboro, N. C., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue and W. F. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

HAYES, District Judge.

It is clear that the taxes in dispute between the plaintiff and defendant were that amount of taxes to be assessed for the fiscal year ending in the year 1918, and that this fiscal year included eleven months in 1917, and the first month in 1918.

The delay was brought about by the plaintiff's own conduct, in that he failed in the first place to make a complete return upon which the tax could be assessed; that he then sought an abatement of the tax which was so assessed, and in connection therewith filed a waiver and a bond. Under these circumstances it is not considered that a plea of the statute of limitation is now available to the plaintiff.

Plaintiff relies upon the case of United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743, but this decision does not sustain plaintiff's position.

Section 200 of the Revenue Act of 1918 (40 Stat. 1058) says, in defining "fiscal years": "The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1918, shall be the calendar year 1918, or any fiscal year ending during the calendar year 1918."

In Worumbo Mfg. Co. v. Commissioner, 13 B. T. A. 883, it is held that a waiver for the year 1919 is effective for a fiscal year ending November 30, 1919; and in Raymond R. Bill & Co. v. Commissioner, 15 B. T. A. 320, a waiver for the year 1920 was held to cover a fiscal period ending February 29, 1920.

A judgment will accordingly be entered in favor of the defendant.