Antonio Márquez Arbona, demandante y recurrido, *v.* Secretario de Hacienda, demandado y recurrente.

*Número:* 139   *Resuelto:* 26 de febrero de 1962

*Francisco Espinosa, Jr., Secretario de Justicia Interino, Arturo Estrella, Secretario Auxiliar y Luis F. Candal, Procurador Auxiliar,* abogados de el recurrente; *F. M. Susoni,* abogado del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El juez de instancia concluyó que unas deficiencias que se notificaron a Antonio Márquez Arbona estaban prescritas. El Secretario de Hacienda recurrió ante nos para revisar esa actuación.

El contribuyente, para determinar sus ingresos sujetos a la contribución, utilizaba un período de doce meses que comenzaba el 1ro. de julio y terminaba el 30 de junio del siguiente año fiscal. Esto no obstante, rendía su planilla dentro del plazo que se concedía a los contribuyentes que presentan sus declaraciones a base de año natural. Y en el encabezamiento de la planilla hacía constar que correspondía al año contributivo terminado el 31 de diciembre. Ahora, de hecho, no se incluía en la planilla ningún ingreso percibido después del 30 de junio.

El contribuyente firmó sendos documentos titulados "CONSENTIMIENTO RENUNCIANDO AL PERÍODO DE PRESCRIPCIÓN Y FIJANDO LIMITACIÓN DE TIEMPO PARA LA TASACIÓN DE LA CONTRIBUCIÓN SOBRE INGRESOS" para los años 1943, 1945 y 1946 en los cuales aparecía la siguiente cláusula, idéntica en todos, excepto en lo que a la fecha se refiere:

"Que de acuerdo con las disposiciones de la vigente ley de contribución sobre ingresos el contribuyente en este caso por sí o por su representante, renuncia a todos los efectos legales el período de prescripción de siete (7) años que dispone la sección 60a (1) de la ley, con respecto a su declaración de ingresos por el año contributivo terminado en 31 de diciembre de 1945, conviniéndose que cualquier deficiencia en contribución sobre in-

gresos que resultare bajo la ley vigente o leyes anteriores, con relación a la declaración de ingresos antes citada, podrá ser tasada en cualquier fecha en o antes de 31 de diciembre de 1953."

Las deficiencias que dieron margen a este litigio se notificaron el 17 de agosto de 1954. Ya hemos visto que corresponden a los años 1943, 1945 y 1946. Así, su efectividad depende de la interpretación de la renuncia contenida en el documento firmado por el contribuyente, pues de lo contrario estarían prescritos. Ley de Contribuciones sobre Ingresos de 1924, Sec. 60, 13 L.P.R.A. sec. 778. Este alega que dichas renuncias son ineficaces ya que las mismas se refieren a años terminados en 31 de diciembre y la deficiencia notificada se determinó a base de años económicos terminados en 30 de junio. No le asiste la razón.

En el caso de *Worumbo Manufacturing Co.*, 13 B.T.A. 883 (1928), la renuncia firmada por el contribuyente se refería al año 1919 y se le notificó una deficiencia correspondiente al año fiscal terminado el 30 de noviembre de 1919. Al resolver la cuestión se dijo lo siguiente:

"El peticionario alega que la renuncia transcrita en las determinaciones de hecho no es una renuncia válida en ley debido a que es 'por el año 1919' y no para el año fiscal terminado el 30 de noviembre de 1919. No tiene mérito su contención. El término 'año contributivo' es definido en todas las leyes contributivas empezando con la del 1918 como que significa 'el año calendario o el año fiscal que finaliza durante el curso de ese año natural'. El término 'año 1919' tal como fue utilizado por las partes en el documento de renuncia no puede haberse referido a otro año que no fuera el año contributivo 1919, que en el caso de autos era el año fiscal que finalizaba el 30 de noviembre de 1919. En nuestra opinión la renuncia fue una válida y ya que no había expirado al tiempo que se le envió el aviso de deficiencia, ésta no está prescrita." Vea Sección 277 (b) de la Ley de Contribuciones sobre Ingresos de 1954.

En el caso de *Consumers Ice Co.*, 11 B.T.A. 144 (1928), la renuncia se refería al año 1920, mientras que el contribuyente había rendido su planilla en la cual establecía un pe-

ríodo de doce meses que terminó el 30 de noviembre de 1920 para determinar sus ingresos. Al resolver la cuestión se dijo lo siguiente: ■

"Sin embargo, alega el peticionario que ya que el documento otorgado respecto a las contribuciones de 1920 se refiere simplemente al año 1920 y como éste no mencionaba un 'año contributivo' o 'año fiscal,' se refiere únicamente al año natural 1920 y por lo tanto no hay renuncia que cubra el período de diciembre 1 de 1919 a 31 de diciembre de 1919.

"La consideración principal que hay que tener en mente en documentos de renuncia es la intención de las partes. Es razonable considerar que cuando las partes llegaron a un acuerdo ellos entendían que cubriría el año contributivo, y ya que no se ha demostrado lo contrario, sostenemos que la renuncia en el caso de autos cubría todo el año contributivo y la determinación de la deficiencia no estaba prescrita."

Mertens, al considerar esta cuestión, la sintetiza así, y se funda en el caso de *Worumbo*, arriba citado:

". . . Se ha sostenido que una renuncia a la determinación y cobro de las contribuciones adeudadas con respecto a una planilla rendida para un año natural específico se aplica a ese año natural o, si el contribuyente rinde a base de año fiscal, se aplica entonces al año fiscal que termina en el año natural designado en el documento de renuncia." 10 Mertens, sec. 57.56, pág. 236.

Al mismo efecto, *Lowell Cotton Mills* v. *Grissom*, 59 F.2d 461 (D.C. M.D. N.C., 1932) ; *Constitution Publishing Co.*, 22 B.T.A. 426 (1931) ; *Raymond R. Bill & Co.*, 15 B.T.A. 320 (1929).

En el caso de *Spencer K. Mulford, Sr.*, 25 B.T.A. 238 (1932), el contribuyente firmó un documento de renuncia en blanco, sin especificar el año a que correspondía la referida renuncia. Cuando se le notificó la deficiencia levantó esta cuestión para sostener que estaba prescrita. Se le decidió en su contra, ya que el único año que estaba en controversia era el correspondiente al que se le notificó la deficiencia y al resolver el punto levantado se dijo: ■

"Cuando el contribuyente, mediante el otorgamiento de un documento de renuncia (waiver) ha obtenido que se aplace el cobro de contribuciones adicionales y se consideren más detenida y concienzudamente sus alegaciones, y cuando el documento de renuncia es completo de su faz . . . y está en poder de la agencia gubernamental apropiada, se debe presumir su validez y fuerza obligatoria." ■

El juez del tribunal de instancia a quien por primera vez se le sometió la cuestión, al resolverla se expresó en términos que adecuadamente disponen del asunto:

". . . De momento, la contención del demandante impresiona, porque si un contribuyente hace una renuncia de prescripción a base de año natural que cubre ingresos de enero 1 a diciembre 31, y luego el Secretario de Hacienda le notifica una deficiencia sobre año económico, indudablemente que la deficiencia se basaría en ingresos cubriendo en parte períodos que se salen del período de ingreso cuya prescripción se renunció. Siguiendo el argumento del demandante, él habría autorizado a tasar la contribución sobre ingresos realizado entre enero 1 y diciembre 31, y el Secretario de Hacienda estaría tasándole una contribución sobre ingreso realizado en parte en fecha anterior a ese enero primero.

"Pero a medida que examinamos la prueba, la contención del demandante se desvanece, y todo se reduce a una mera cuestión de nomenclatura. La prueba demostró que la deficiencia determinada para cada año se hizo a base del mismo período de ingreso que contiene la planilla, según la contabilidad del demandante. Así, por ejemplo, vemos que en el año 1943, para tomar el primero de los años envueltos, la deficiencia no cubre ingresos obtenidos entre julio 1 y diciembre 31 de ese año no incluidos en la planilla. Tampoco la deficiencia descarta el ingreso informado entre julio 1ro. y diciembre 31 de 1942, período que cae fuera del año natural de 1943. Lo mismo ocurre con los otros años. No existe, por lo tanto, la situación que a primera vista impresiona de que a base de una renuncia de prescripción para un período contributivo, el Secretario de Hacienda haya impuesto a un contribuyente deficiencias incluyendo períodos contributivos distintos.

"La respuesta del porqué las renuncias de prescripción escritas por el demandado hacen referencia a años terminados en

diciembre 31, surge de las propias actuaciones del contribuyente. No obstante tributar a base de un período de ingreso terminado en junio 30, el contribuyente presentaba sus planillas a base de diciembre 31, aunque las mismas no contenían operaciones o ingreso alguno obtenido durante los últimos seis meses anteriores al 31 de diciembre. El Secretario de Hacienda no podía hacer referencia en las renuncias de prescripción a años terminados en junio 30, porque no existía tal cosa según las planillas. Lo importante es que cuando se hizo referencia en las renuncias de prescripción a años terminados en diciembre 31, el contribuyente sabía perfectamente sobre qué períodos de ingreso él estaba renunciando la prescripción, porque ello respondía fielmente a su propia método de tributar y de presentar la planilla. Así, cuando autorizó al demandado a tasar en o antes del 31 de diciembre de 1954 cualquier deficiencia en la contribución 'con relación a la declaración de ingresos antes citada' [31 de diciembre, 1943]; ·[1945] y [1946], sabía en relación con qué declaración de ingresos, y sobre qué período de ingreso él estaba autorizando la tasación. No puede alegar que fue confundido o llamado a engaño con una situación creada por él mismo."

No de otra forma puede interpretarse la renuncia firmada por el contribuyente. Si en las planillas que él rendía establecía como base para determinar su ingreso un período de doce meses que vencía el 30 de junio, al firmar su renuncia no podía referirse a otro período del año que no fuera al que el propio contribuyente establecía en su planilla. Si sostuviéramos la posición del contribuyente, simplemente estaríamos reconociendo los frutos de su propio error. ■

Nos resta ahora considerar la cuestión referente a las penalidades que impuso el Tesorero por no haber rendido planilla dentro del plazo concedido para hacerlo, a partir de la terminación del año fiscal que utilizó el contribuyente para determinar sus ingresos. Ley Núm. 74 de 1924, Sec. 27—13 L.P.R.A. sec. 706. El contribuyente, de acuerdo con las disposiciones del artículo antes citado, estaba en la obligación de rendir su planilla no más tarde del 15 de septiembre y no lo ·hizo hasta el 15 de marzo siguiente. Procede pues la impo-

sición de las penalidades que establece la ley. Ley Núm. 74 de 1924, secs. 59 y 70 (13 L.P.R.A. secs. 777(a) y 811(b)).([1])

Vista la conclusión a que hemos llegado, se hace innecesario considerar y discutir el otro error apuntado por el recurente.

*Procede, por tanto, revocar la sentencia dictada por el Tribunal Superior, Sala de San Juan, con fecha 19 de enero de 1959 y devolver el caso para ulteriores procedimientos.*

ᴜɴɢᴀʏ Gᴀʀᴀɢᴇ & Rᴀᴅɪᴏ Co., Iɴᴄ., demandante y recurrente, *v.* Cᴇʟᴇsᴛɪɴᴏ Iʀɪᴀʀᴛᴇ y Dʀ. Mᴀʀɪᴏ Jᴜʟɪᴀ́, ᴇᴛᴄ., demandados y recurridos.

*Número:* 332   *Resuelto:* 2 de marzo de 1962

---

([1]) Una disposición similar aparece en la Sección 291 de la Ley de Contribuciones sobre Ingresos de 1954.   13 L.P.R.A. sec. 3291 (Supl. 1957).