**In re BEST FINANCE CORPORATION, Debtor-Appellant.**

**Civ. No. 85–1671 (JAF).**

United States District Court, D. Puerto Rico.

May 13, 1987.

Charles A. Cuprill Hernández, Ponce, P.R., for plaintiff.

Edgardo Colón-Arrarás, Dept. of Justice, Com. of P.R., San Juan, P.R., for defendant.

## AMENDED OPINION AND ORDER [1]

FUSTE, District Judge.

We now decide an appeal from a final order entered by the bankruptcy court regarding debtor Best Finance Corporation. The same is reviewable under the authority established in 28 U.S.C. sec. 158 (1984). Debtor questions the bankruptcy court's order allowing certain tax assessments by the Puerto Rico Treasury Department as a priority claim under 11 U.S.C. sec. 507(a)(7). We vacate the bankruptcy court's order and remand the case to the bankruptcy court for further proceedings.

On April 18, 1985, the bankruptcy court issued an opinion and order holding that corporate income taxes assessed from 1977 through 1979, inclusive, were a priority claim and that the Treasury Department did not violate the automatic stay established in 11 U.S.C. sec. 362(a) by assessing a tax deficiency. On appeal, debtor raises three issues of law, to wit: (a) The taxes assessed for the years 1977–1979 do not constitute a priority under 11 U.S.C. sec. 507(a)(7)(A)(ii); (b) the debtor was not bound by Treasury Form SC2845 (Consent to Assessment and Waiver form of the applicable statute of limitations) since the same had not been "accepted" by the Secretary of the Treasury, and (c) the bankruptcy court erred as a matter of law in concluding that the execution of Form SC2845 tolled the statutory period for the collection of taxes.

The facts relevant to the captioned case are not in issue. The parties submitted to the court written stipulated memoranda of facts. It is established that on June 29, 1983, debtor Best and its former wholly-owned subsidiaries, to wit: Financiera, Inc., Best Finance Corp. of Isabela, Best Finance Corp. of Moca, Best Finance Corp. of Naguabo, and Best Finance Corp. of Santa Isabel, filed petitions for reorganization under 11 U.S.C. Ch. 11. Almost a year after the filing of the bankruptcy petition, the corporations merged under article 901 of the General Corporations Law of Puerto Rico, 14 L.P.R.A. sec. 1901 (1954). The surviving corporation was Best Finance Corporation. Previous to the merger, each of the subsidiary corporations had been notified of priority claims for taxes, which, as a result of the merger, are now deemed to be owed by Best.

Appellant contends that the Treasury Department has no right to assess the taxable claims for income tax, since these claims are barred by the statute of limitations contained in section 272(a) of the Income Tax Act of Puerto Rico, 13 L.P.R.A. sec. 3272(a) (1954). Best alleges that, even though it signed an Examination Summary-Agreement Form SC2845 to waive prescription, the agreement was not binding for two reasons: One, that the literal language of the form establishes that the waiver is subject to the approval of the Treasury Department, and, two, that the agreements had been signed after the filing of the petition for reorganization and, thus, were null and void, all in violation of 11 U.S.C. sec. 362. It is not disputed that the execution of said waiver forms occurred after the filing of the Chapter 11 petition.

The bankruptcy court held that the assessment had been formalized on June 9, 1983, date on which the agent of the Treasury Department *delivered* the consent to assessment and waiver papers to debtor. *See* Opinion and Order dated April 24, 1985,

---

1. Counsel for appellant Best Finance Corporation has moved us to reconsider a partial finding contained in our opinion and order entered March 6, 1987, docket document No. 8. Appellee has not opposed nor moved for reconsideration. There, we found that certain tax assessments had been validly assessed. This amended opinion and order will stand in lieu of docket document No. 8.

at p. 10 (Hernández, J.). The first dispositive issue herein refers to whether the consent to assessment forms signed by debtor are null and void as being obtained in violation of the automatic stay, 11 U.S.C. sec. 362; 2 *Collier on Bankruptcy* sec. 362.11 (18th ed., 1984).

■ The consent to waive a notice of deficiency and statute of limitations cannot be deemed formalized by the simple "handing over" of the forms. A waiver should not be lightly inferred. An affirmative step is required from the taxpayer, to wit: That the notification be in writing and "filed" with the Secretary. *See* 13 L.P. R.A. sec. 3272; *e.g., Vda. de Lluberas v. Secretario de Hacienda,* 86 D.P.R. 181 (1962). Through the signing of a waiver, the taxpayer renounces any right to be confronted initially with a notice of deficiency and allows the agency to proceed with an assessment. The waiver became effective when appellant signed the forms.[2] Since the general rule is that a debtor may not waive the provisions of 11 U.S.C. sec. 362, the consent for assessments signed by debtor *post petition* without being submitted for the approval of the other creditors of the estate are null, void, and without any binding legal effect. A debtor cannot waive the automatic stay, since the purpose of its enactment by Congress was not only to protect debtors and creditors, but also to provide an "orderly and efficient administration of a bankruptcy estate." *In re Nashville White Trucks, Inc.,* 22 B.R. 578 (B.C.Tenn.1982). *See Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d 206 (2d Cir.1986).

To qualify as a section 507(a)(7)(A)(i)-(ii) priority, the tax must have been assessed prior to the filing of the petition. Therefore, since all the taxes were assessed after the bankruptcy petition, they are null and void.

2. The waiver signed by debtor is binding even without the commissioner's signature. *Dail v. United States,* 635 F.2d 315 (4th Cir.1980), *cert. denied,* 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 120 (1981); *C.I.R. v. Welch,* 345 F.2d 939, 948 (5th Cir.1965), *citing from* 9 Mertens sec. 49.12. 13 L.P.R.A. sec. 3272 is equivalent to 26 U.S.C. sec. 6213. The waiver signed also had

The bankruptcy opinion and order entered on April 18, 1985 is VACATED and the case is REMANDED for further proceedings not inconsistent with this court ruling.

IT IS SO ORDERED.

the effect of tolling the statute of limitations. Contrary to what appellant argues, the term for assessing taxes owed is not one of caducity, but rather a term of prescription. *Viuda de Carlo v. Toro,* 99 D.P.R. 200 (1970); *see Márquez Arbona v. Secretario de Hacienda,* 84 D.P.R. 553 (1963) (waiver document is presumed valid and with total binding force).